# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | | |
|---|---|---|
| JON L. WILSON, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:23-cv-82-HSO-BWR |
| LEAF RIVER ENERGY CENTER, LLC, | § § § | |
| Defendant. | § § | |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**FILED**
**Jun 01 2023**
**ARTHUR JOHNSTON, CLERK**

## LEAF RIVER ENERGY CENTER, LLC'S
## NOTICE OF REMOVAL

Defendant Leaf River Energy Center, LLC ("Leaf River") hereby removes this case from the Circuit Court of Jasper County, Mississippi, Second Judicial District, to the United States District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. §§ 1441(a) and 1332, and would respectfully show the Court as follows:

## PARTIES

1.   Plaintiff Jon L. Wilson ("Wilson") is an adult resident citizen of Jasper County, Mississippi. For purposes of diversity of citizenship, he is a citizen of Mississippi.

2.   Defendant Leaf River is a foreign limited liability company licensed to do business in the State of Mississippi, which is incorporated under the laws of Delaware, and which has its principal place of business in Texas and with its corporate headquarters

for storage and transportation in New Jersey. For purposes of diversity of citizenship, it is a citizen of Texas.

## PROCEDURAL BACKGROUND

3. On May 6, 2022, Wilson filed suit against Leaf River in that certain lawsuit styled *Jon L. Wilson v. Leaf River Energy Center, LLC*, Civil Action No. 22-cv-00044-P2, pending in the Circuit Court of Jasper County, Mississippi, Second Judicial District (the "State Court Action").

4. Leaf River was served with Wilson's Complaint (the "Complaint") and Summons for the first time on May 19, 2022, via its registered agent for service. A true and correct copy of the Complaint and the Summons/service of citation, along with the civil cover sheet and docket sheet for the State Court Action, are attached hereto as Exhibit 1, and incorporated herein by reference.

5. In its Complaint, Wilson alleges that Leaf River was negligent and trespassed and created a public and private nuisance causing damage to Wilson's real property. Significantly, for purposes of this Removal, Wilson's Complaint asserted "The damages sought by the Plaintiff herein do not exceed $74,999." See final paragraph of Complaint. Wilson made a jury demand in the State Court Action.

6. A copy of Leaf River's Answer and all other pleadings and Orders, served upon Leaf River, is attached as Exhibit 2.

## BASIS FOR REMOVAL

7. This action is removable under 28 U.S.C. § 1441(a) based on the original jurisdiction conferred on this Court by 28 U.S.C. § 1332(a)(1). This lawsuit is a civil

dispute between citizens of different states. Under 28 U.S.C. § 1332(c)(1), corporations are citizens of the place in which they are incorporated and the place in which they have their principal place of business. Here, as noted above, Plaintiff Wilson is a resident of Mississippi. Defendant Leaf River is incorporated in Delaware and has its principal place of business in Texas. There is, and was at all relevant times (including the time of the filing of the State Court Action, service of the Complaint and Summons, and the filing of this Notice of Removal), complete diversity of citizenship between the two parties.

8. Notwithstanding Wilson's statement as to damages in his Complaint, on May 9, 2023, he served what he incorrectly denominated as his "Second Set of Supplemental Interrogatories and Production of Documents" (actually these are supplemental responses to Leaf River's discovery requests) and a true and correct copy of the same is attached hereto as Exhibit 3.

9. In his supplemental discovery responses, Wilson disclosed for the first time that his damages are actually $109,287.80 calculated as follows:

a. Loss of grazing - - $1280 per acre x 8.99 acres = $11,507 per year x 4 years = $46,028.80.

b. Loss of hay - - (4-5 bales per acre per cutting) $40 per bale x 2 cuttings per year = $400 per year x 8.99 acres = $3,596 per year x 4 years = $14,384

c. Remediate erosion - - $48,875.

d. Total damages claimed - - $109,287.80.

10. Accordingly, the amount in controversy in this lawsuit exceeds $75,000, exclusive of interest and costs, as evidenced by his recently served supplemental discovery responses.

## VENUE

11. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the District and Division of this Court embrace Jasper County, Mississippi, the place where Wilson filed his State Court Action, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the alleged events or omissions giving rise to Wilson's claims occurred in Jasper County, Mississippi.

## REMOVAL REQUIREMENTS

12. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). This Notice of Removal is filed within thirty days of May 9, 2023, the date Wilson first disclosed by sworn interrogatory answers his claim for damages.

## LEGAL AUTHORITIES SUPPORTING THIS REMOVAL

13. A case that is not initially removable can become removable pursuant to a voluntary act of the plaintiff. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year time limit on removal. A defendant can claim equitable estoppel or the "bad faith exception" to this time limit, found in 28 U.S.C. § 1446(b)(3), if the defendant can prove that the plaintiff engaged in procedural manipulation in state court to avoid federal jurisdiction.

28 U.S.C. § 1446(c)(1), which applies to cases that were not originally removable, states: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction

conferred by section 1332 (i.e., diversity jurisdiction) more than 1 year after commencement of the action, **unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.**" (Emphasis added.) In 2003, the 5th Circuit found that circumstances which indicate that a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby stripping the defendant of removal rights, allow the equitable exception to the one year limit. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).

A plaintiff's bad faith can manifest itself in obfuscation of the quantity of damages it seeks for the purpose of defeating the amount in controversy requirement. *See* 28 U.S.C.A. §§ 1332(a)(1), 1446(c). "A defendant is not required to prove to a legal certainty that a plaintiff's damages are greater than $75,000. A defendant's claims of the amount in controversy must be supported by competent proof, which can include **affidavits, documents, or interrogatories.**" *Ramsey v. Kearns,* 2012 WL 602812, at *3 (E.D. Ky. Feb. 23, 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Satisfaction of the amount-in-controversy requirement for diversity jurisdiction must be established by a preponderance of the evidence. *See* 28 U.S.C.A. § 1332(a)(1). A defendant removing a matter to federal court based on diversity jurisdiction has met his or her burden in proving the amount-in-controversy requirement if the defendant has proved any contested facts regarding the amount-in-controversy, and the amount-in-controversy is not legally certain to be less than $75,000.00. *Id.*

In *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006), the Court observed:

> "[T]he removing defendant, as a proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done—by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what the judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant). Once the estimate has been made—and contested factual allegations that support the estimate have been established in a hearing under Rule 12(b)(1) by admissible evidence…then…the case stays in federal court **unless it is legally certain that the amount in controversy is worth less than the jurisdictional minimum.**" (Emphasis added.)

14. A copy of this Notice of Removal will be promptly filed with the Clerk of the state court from which the action was removed, and will also be served on Plaintiff by serving his counsel of record.

15. By filing this Notice of Removal, Leaf River does not intend to waive any defenses it may have.

Wherefore, Defendant Leaf River requests that the Court accept jurisdiction over this case for the reasons set forth above, and grant it such other and further relief to which it shows itself justly entitled.

Respectfully submitted,

**Leaf River Energy Center, LLC**

By: Ron A. Yarbrough (MSB No. 6630)
**ATTORNEY FOR LEAF RIVER ENERGY CENTER LLC**

OF COUNSEL:
BRUNINI LAW FIRM
190 East Capitol Street
Suite 100
Jackson, MS 39201
Telephone: (601) 948-3101
ryarbrough@brunini.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served to all counsel listed below on this 31st day of May, 2023, via United States Postal Service.

William R. Ruffin
Attorney at Law
Post Office Box 565
Bay Springs, MS 39422

Marc E. Brand
Attorney at Law
Post Office Box 3508
Jackson, MS 39207

Ron A. Yarbrough (MSB No. 6630)